Billy P. MOORE et ux., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 1964.

United States District Court
N. D. Texas,
Abilene Division.

June 29, 1960.

Davis Scarborough, Abilene, Tex., for plaintiff.

Fred L. Woodlock, Jr., Asst. U. S. Atty., Fort Worth, Tex., for defendant.

ESTES, Chief Judge.

This is an action, under the Tucker Act, 28 U.S.C. 1346(a) (2), for compensation for the taking of plaintiff's property, or an interest therein.

### Findings of Fact

1. Plaintiffs Billy P. Moore and wife are the owners of property situated in the town of Tye, Taylor County, Texas, on which their home is located. Title to this property has been in the plaintiffs since 1944.

2. The plaintiffs' homestead is located 6,500 feet north of the north end of the north-south runway of Dyess Air Force Base and 1,200 feet west of the projected center line of such runway.

3. Dyess Air Force Base, a military installation of the defendant, United States of America, was put into operation on April 26, 1954. There have been numerous flights of aircraft into and out of Dyess Air Force Base substantially every day, with the exception of Saturdays and Sundays, since December 1, 1956. These aircraft are operated almost exclusively by personnel of the Air Force of the United States of America, acting within the scope of their authority and in the line of duty. There is one runway on this Base which is located in a direction almost due north and south. About 70% of the time aircraft utilizing the Base take off in a southerly direction and, naturally, land in the same direction, the prevailing winds being southerly.

4. Aircraft landing at or taking off from Dyess Air Force Base from or to the north normally follow a flight pattern along the projected center line of the runway and are, when abreast of and 1200 feet east of the plaintiffs' property, at altitudes of some 400 feet and higher above the surface of the ground. If aircraft pass over plaintiffs' property they do so only occasionally.

5. Plaintiffs' property is located within a distance sufficiently close to the normal flight path of aircraft landing and taking off from Dyess Air Force Base as to be affected by noise and vibration. However, this noise and vibration are no greater in their effect on plaintiffs' property than on other property in the same community.

### Conclusions of Law

From the foregoing findings of fact, the Court concludes as a matter of law, that plaintiffs are not entitled to recover and that defendant has not taken an easement of flight over plaintiffs' property.

Operation of aircraft does not constitute a taking under the Fifth Amendment unless flights are at such a low altitude and of such frequency over land as to be a direct and immediate interference with the enjoyment and use thereof. United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206; Pope v. United States, D.C., 173 F.Supp. 36. There is no credible testimony here of there having been such a physical invasion of plaintiffs' property by a sufficient number of aircraft as to interfere with the use and enjoyment thereof. Any annoyance which the plaintiffs may suffer is of the same type to which everyone living in the vicinity is subjected in varying degrees. There is, at most, a "sharing in the common burden of incidental damages". Richards v. Washington Terminal Co., 233 U.S. 546, 34 S.Ct. 654, 657, 58 L.Ed. 1088; Nunnally

v. United States, 4 Cir., 1956, 239 F.2d 521.

■ Operation of aircraft under the circumstances present in this case is within the proper exercise of governmental powers. Whatever inconvenience or annoyance plaintiffs may have suffered in virtue of the flight of aircraft in the general vicinity of their home is consequential to this proper exercise. A distinction must be drawn between this type of inconvenience and the direct interference with ownership which occurs when flights are so frequent and low as to result in a taking. Flights over the plaintiffs' property are, by plaintiffs' credible testimony, only occasional. Such occasional flights do not constitute a taking. Freeman v. United States, D. C.1958, 167 F.Supp. 541.

Judgment for the United States.